DONDERO, J.,
Concurring.—I concur in the result of this case. I seek to emphasize that the San Mateo County Community College District incorrectly relied on the addendum process to deal with the modifications of the project approved under the original negative declaration, as detailed in the lead opinion. I do not believe the addendum process was the appropriate method to address the changes contemplated by the District. While the addendum process is limited to instances concerning “minor technical *612 changes or additions” (Cal. Code Regs., tit. 14, § 15164, subd. (b)), the proposal reviewed in this case involved demolishing a major building and transforming into a parking lot an important garden space with unique trees and vegetation. Neither of these changes were discussed in the original negative declaration. These revisions exposed ‘“new, potentially significant environmental effects that had not previously been considered in connection with the earlier environmental study.” (Friends of College of San Mateo Gardens v. San Mateo Community College Dist. (2016) 1 Cal.5th 937, 958, fn. 6 [207 Cal.Rptr.3d 314, 378 P.3d 687].) Clearly the employment of the addendum process in a subsequent review study under the facts of this case did not satisfy the exacting standard called for when the original review involved no environmental impact report (EIR).
As indicated in the lead opinion, an agency may conduct a subsequent review of the environmental impact in several ways, including the preparation of an EIR or mitigated negative declaration (MND). Courts will assess the propriety of the subsequent review document by focusing on whether there is substantial evidence the changes to the project previously approved by a negative declaration “might” have new or increased significant environmental effects “not previously considered in connection with the project as originally approved.” (Friends of College of San Mateo Gardens v. San Mateo Community College Dist., supra, 1 Cal.5th at p. 959.) This means a negative declaration or MND may be appropriate for a subsequent review, especially where the original negative declaration considered the particular subject matter evaluated in the subsequent study. In a subsequent review evaluated by an MND, as opposed to an EIR, the reviewing court will need to examine the details of the new MND, as well as its assessment of what was originally considered in the initial negative declaration. (See Abatti v. Imperial Irrigation Dist. (2012) 205 Cal.App.4th 650, 674 [140 Cal.Rptr.3d 647]; Snarled Traffic Obstructs Progress v. City and County of San Francisco (1999) 74 Cal.App.4th 793, 801 [88 Cal.Rptr.2d 455].)
Appellants’ petition for review by the Supreme Court was denied July 19, 2017, S242546.